## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>Plaintiff,<br><br>v.<br><br>DASEKE, INC., CHUCK SERIANNI, JONATHAN SHEPKO, BRIAN BONNER, ENA WILLIAMS, GRANT GARBERS, CATHARINE ELLINGSEN, MELENDY LOVETT, and BRUCE BLAISE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Daseke, Inc. ("Daseke" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by TFI International, Inc. ("TFI International").[1]

2.      On December 22, 2023, Daseke entered into an Agreement and Plan of Merger (the "Merger Agreement") with TFI International and TFI International's subsidiary, Diocletian

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

MergerCo, Inc. The Merger Agreement provides that TFI International will acquire Daseke for $8.30 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the February 15, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 26, 2024.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, the owner of DASEKE common stock.

10. Defendant Daseke is a Delaware corporation with its principal executive offices located at 15455 Dallas Parkway, Suite 550, Addison, Texas 75001. Daseke's shares trade on the Nasdaq Capital Market under the ticker symbol "DSKE." Daseke provides transportation and logistics solutions in the United States, Canada, and Mexico. The Company operates through two segments: Flatbed Solutions and Specialized Solutions. Through its Flatbed Solutions segment, the Company focuses on delivering transportation and logistics solutions that principally require the use of flatbed and retractable-sided transportation equipment. Through its Specialized Solutions segment, Daseke focuses on delivering transportation and logistics solutions that require the use of specialized trailering transportation equipment. As of September 30, 2023, the Company operated 3,051 company-owned tractors, 1,894 independent-owned contractors' tractors, and 11,045 trailers.

11. Defendant Chuck Serianni is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Jonathan Shepko has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Brian Bonner is and has been a director of the Company at all times relevant hereto.

14. Defendant Ena Williams is and has been a director of the Company at all times relevant hereto.

15. Defendant Grant Garbers is and has been a director of the Company at all times relevant hereto.

16. Defendant Catharine Ellingsen is and has been a director of the Company at all times relevant hereto.

17. Defendant Melendy Lovett is and has been a director of the Company at all times relevant hereto.

18. Defendant Bruce Blaise is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On December 22, 2023, the Company announced in relevant part:

Addison, Texas, Dec. 22, 2023 (GLOBE NEWSWIRE) -- Daseke, Inc. (NASDAQ: DSKE) (Daseke or the Company), the premier North American transportation solutions specialist dedicated to servicing challenging industrial end markets, today announced that, with the unanimous approval of Daseke's board of directors, it has entered into a definitive agreement to be acquired by TFI International Inc. (NYSE and TSX: TFII) (TFI International), a North American leader in the transportation and logistics industry, in an all-cash

4

transaction that values Daseke at an enterprise value of approximately $1.1 billion.

Subject to the terms of the agreement, Daseke common stockholders will receive $8.30 per share in cash, representing a premium of 69% to the last reported sale price on December 21, 2023 and a premium of 82% to the volume-weighted average price (VWAP) of the common stock for the 30 trading days ending on December 21, 2023.

Jonathan Shepko, Chief Executive Officer of Daseke commented, "We believe this transaction to be a tremendous outcome for our Daseke shareholders, providing a near-term liquidity event at a significant premium, and is consistent with our stated priority of progressing opportunities that maximize value for our shareholders.  TFI has a proven track record of successfully executing acquisitions that deliver value for its customers, shareholders, partners, and team members.  We are very fortunate to be joining a like-minded organization who shares our commitment to strong customer relationships, services excellence, and utmost respect for our professional drivers, each of which has fueled Daseke's success over the last 15 years."

The transaction is expected to close during the second quarter of 2024, subject to Daseke common stockholder approval, regulatory approvals and other customary closing conditions.  Closing is not subject to any financing condition.  Upon closing of the transaction, Daseke's common stock will no longer be listed on any stock exchange, and Daseke will operate its portfolio of brands as part of TFI International's Truckload segment.

J.P. Morgan Securities LLC is serving as exclusive financial advisor to Daseke, and Kirkland & Ellis LLP is serving as Daseke's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 15, 2024.  The Proxy Statement, which recommends that DASEKE stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (c) potential conflicts of interest faced by J.P. Morgan

5

and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including Daseke's projected Unlevered Free Cash Flow for calendar years 2024 through 2028.[3]

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by J.P. Morgan*

23. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by J.P. Morgan.

24. As to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the Company's terminal values; (c) Daseke's terminal year unlevered free cash flow; and (c) its net debt as of December 31, 2023.

25. As to the *Public Trading Multiples Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective multiples and financial metrics for each selected company analyzed by the financial advisor, as well as the Company's projected EPS for the year ending December 31, 2024.

26. As to the *Selected Transactions Multiple Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective multiples and financial metrics for each transaction analyzed by the financial advisor.

---

[3] J.P. Morgan utilized these forecasts in preparing the Discounted Cash Flow Analysis underlying its fairness opinion in support of the Proposed Transaction. *See* Proxy Statement at 49. The Proxy Statement also fails to disclose the line items underlying these forecasts.

27. As to the *Analyst Price Targets* analysis performed by J.P. Morgan, the Proxy Statement fails to disclose the individual price targets and their respective, corresponding sources.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's and Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by J.P. Morgan, including the compensation and other financial benefits received by J.P. Morgan's commercial banking affiliate for certain services provided to Daseke.[4]

29. The Proxy Statement fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of TFI International's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with

---

[4] *See* Proxy Statement at 50.

irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Daseke**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Daseke is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants functioned as controlling persons of Daseke within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Daseke and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 12, 2024           **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*